JENNIFER WALKER ELROD, Circuit Judge,
concurring.
I concur in Judge Dennis’s ultimate conclusions that (1) the May 15, 2007 grievance is arbitrable, and (2) the June 1, 2007 grievance is not arbitrable because it was validly excluded from arbitration pursuant to Article 12, Section 1 of the CBA. I, however, would analyze the June 1, 2007 grievance in the same manner as did the district courh — as a minor dispute arising from the interpretation of the CBA. But because the RLA does not prohibit CareFlite and the Union from agreeing to exclude certain minor disputes from arbitration, I would hold that the June 1, 2007 grievance challenging Hilton’s termination is not arbitrable. See Tex. Int’l Airlines, Inc. v. Ass’n of Flight Attendants, 667 F.2d 1169 (5th Cir.1982) (per curiam) (affirming without opinion the district court’s judgment that the RLA did not invalidate an agreement between an air carrier and its employees that excluded probationary employees from utilizing the grievance procedures to challenge a disciplinary action or discharge); see also Tex. Int’l Airlines, Inc. v. Ass’n of Flight Attendants, 498 F.Supp. 437, 448 (S.D.Tex.1980).